# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 10, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| RICHARD HIRSCH, | * | |
| | * | |
| Petitioner, | * | No. 17-1596V |
| | * | Special Master Oler |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Maximillian J. Muller*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Claudia B. Gangi*, United States Department of Justice, Washington, DC, for respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On October 24, 2017, Richard Hirsch ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that he developed left shoulder injuries as a result of receiving an influenza ("flu") vaccination on October 28, 2016.  *See* Petition, ECF No. 1. On March 14, 2019, the parties filled a stipulation, which the undersigned adopted as her Decision awarding damages on March 15, 2019. Decision, ECF No. 19.

On April 1, 2019, Petitioner filed an application for final attorneys' fees and costs. ECF No. 22 ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

$13,567.33, representing $13,051.90 in attorneys' fees and $515.43 in attorneys' costs. Fees App at 2. Pursuant to General Order No. 9, petitioner has indicated that he has not personally incurred any costs in pursuit of this litigation. *Id.* Respondent responded to the motion on April 9, 2019, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3, ECF No. 23. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### a.  Reasonable Hourly Rates

Petitioner requests the following rates of compensation for the work of his attorney, Mr. Maximillian Muller: $275.00 per hour for work performed in 2016, $300.00 per hour for work performed in 2017, $317.00 per hour for work performed in 2018, and $325.00 per hour for work performed in 2019. Fees App. at 1. Petitioner also requests paralegal rates ranging from $125.00 per hour to $150.00 per hour, depending on the paralegal and the year the work was performed. *Id.* These rates are consistent with what Mr. Muller and Muller Brazil, LLP paralegals have previously been awarded for their Vaccine Program work. Accordingly, no adjustment to the rates is necessary.

### b. Reasonable Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). Additionally, it is well-established that billing for administrative/clerical tasks is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989); *Arranga v. Sec'y of Health & Human Servs.*, No. 02-1616V, 2018 WL 2224959, at *3 (Fed. Cl. Spec. Mstr. Apr. 12, 2018).

Upon review, the undersigned finds the overall hours billed (51.5) to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and, upon review, the undersigned does not find any of the billing entries to be unreasonable. Respondent also did not indicate that he finds any of the billing entries to be unreasonable. Accordingly, petitioner is entitled to final attorneys' fees in the amount of **$13,051.90**.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $515.43 in attorneys' costs. This amount consists of acquiring medical records, postage charges, the Court's filing fee. Fees App. at 11. Petitioner has provided adequate documentation of all these expenses, and all are reasonable in the undersigned's experience. Accordingly, the requested costs shall be awarded in full.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| Attorneys' Fees Requested | $13,051.90 |
|---|---|
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$13,051.90** |
|  |  |
| Attorneys' Costs Requested | $515.43 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$515.43** |
|  |  |
| **Total Amount Awarded** | **$13,567.33** |

**Accordingly, the undersigned awards a lump sum in the amount of $13,567.33, representing reimbursement for reasonable attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Maximillian Muller.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).